## UNITED STATE DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASHLEY SIMMONS., <br><br> Plaintiff, <br><br> vs. <br><br> HOMESTEAD POLICE DEPARTMENT; <br> Chief of Police ALEXANDER ROLLE; <br> Captain EDILIA SURMAN,. <br><br> Defendants. | CASE No.: <br><br><br> CIVIL ACTION <br><br> **COMPLAINT** |

By: Te D. Smith, Esq. (229812017)
Johnson & Associates, P.C.
33 Wood Avenue South Suite 600
Iselin, NJ 08830
P: 848-229-2254
Attorney for Plaintiff, *Ashley Simmons*

Plaintiff, **ASHLEY SIMMONS,** through her attorneys, Johnson & Associates, P.C. complaining of the Defendants sets forth and alleges as follows:

### PRELIMINARY STATEMENT

1. This litigation arises from years of workplace harassment, discrimination, retaliation and the disparate treatment of Plaintiff a United States veteran and and former employee of Homestead Police Department.

2. Mrs. Simmons has followed the rules, procedures and protocol enacted by the department and has inevitably been mistreated for holding said Defendants accountable to the rules and regulation of the Homestead Department as well as state and federal laws. As a result of Defendants actions, Mrs. Simmons has been unfairly overlooked for applied for administrative position within the department and has additionally been wrongfully terminated from her employment with the

1

department. These actions have caused Ms. Simmons economic harms and emotional distress approximately contributed to Defendants bad acts.

## THE PARTIES

I. Plaintiff, Ashley Simmons ("Simmons" or "Ms. Simmons" or "Plaintiff") is a natural person domiciled in the State of New Jersey.

II. Defendant, Yonkers Public School District ("Yonkers" or "School District" or "School System" or "Defendant") is a Public School District in the State of New York.

III. Defendant, Yonkers Public School District Board of Education ("Yonkers Board of Education" or "Board of Education" or "School Board" or "YBOE" or "BOE" or "Defendant") is a board of trustee advisors for the Yonkers Public School District in the State of New York, comprised of natural citizens domiciled in the State of New York.

IV. Defendant, Alexander Rolle ("Chief Rolle" or "Mr. Rolle") is a natural person who holds the Chief of Police position of the Homestead Florida Police Department, and is domiciled in the State of Florida.

V. Defendant, Edilia Surman EDILIA SURMAN ("Surman" or "Captain Surman" or "Ms. Surman" or "Defendant") is a natural person formerly employed by the Homestead Florida Police Department in the State of Florida

## JURISDICTION AND VENUE

1. This court has proper jurisdiction over this action pursuant to 28 U.S.C §1332 Diversity Jurisdiction, as Plaintiff is a citizen of the State of New Jersey, while all Defendants are citizens of other states, furthermore the

controversy in this matter exceeds $75,000.00 exclusive of interest and cost, the sum specified by 28 U.S.C §1332.

2. Alternatively, this court has proper jurisdiction over this action pursuant to 28 U.S.C §1331 Federal Question Jurisdiction, which this statute gives federal courts jurisdiction over such cases that arise under federal laws or the implication of federal policy.

<u>COUNT 1.</u>
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,
"HOSTILE WORK ENVIRONMENT"**

1. Plaintiff repeats and re-alleges all allegations set forth in the preceding paragraphs as if fully set forth herein.

2. Ms. Simmons was the Property Clerk for the Homestead Police Department.

3. As it is relevant to this case, Ms. Simmons is a African American woman

4. The Caesar Chavez School building principal is Defendant, Magdaline Delany

5. Ms. Simmons and Ms. Surman have worked together in this department for several years.

6. During this timeframe, Defendants have created a hostile work environment for Ms. Simmons. (EXHIBIT "A" U.S. Dep Ed)

7. Defendants displayed a lack of professional respect by publicly belittling and humiliating Ms. Simmons.

8. Defendants intentionally reprimanded Ms. Simmons for no cause in efforts to mentally and emotionally abuse her. (EXHIBIT "B" Teacher Evaluation)

9. Ms. Simmons has been ordered by her superior to ignore situation were property or evidence endangerment has be discovered, other staff were not given such orders.

10. Ms. Simmons has been called names that are insulting, offensive and defamatory to her character.

11. Ms. Delany purposely tampered with Ms. Simmons's evaluation in an attempt to cause fear.

12. Ms. Simmons fears that non-compliance with Defendant's request and demands will result in disciplinary action or termination.

13. Defendant constantly stated she would receive complaints about Ms. Simmons from other staff and would reprimand Ms. Simmons openly and publically throughout the building.

14. Defendant would never give names as to who made complaints against Ms. Simmons, nor were complaints ever imputed into her employee file.

15. Ms. Simmons is the only African American clerk under Ms. Surman authority.

16. Defendant publically humiliates and divulges private and/or sensitive information about Ms. Simmons during interaction with other staff members.

17. Defendants purposefully targeted Ms. Simmons husband who also is a member of the Homestead Department in an attempt to force her to resign or retire.

**WHEREFORE**, Plaintiff demands judgment against Defendants, HOMESTEAD POLICE DEPARTMENT; Chief of Police ALEXANDER ROLLE; and Captain EDILIA SURMAN; in the form of permanent injunctive relief to prevent any further irreparable harm together with money damages assigned individually, jointly, severally, or in the alternative damages, treble damages, together with lawful interest, plus Plaintiffs' reasonable attorney's fees and litigation expenses as allowed by law, and for all other just and proper relief the court deems appropriate.

## COUNT 2.

# TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,
# 42 U.S.C. §2000d et seq.

1. Plaintiff repeats and re-alleges all allegations set forth in the preceding paragraphs as if fully set forth herein.

2. All Defendants of this matter in some form of another all receive financial benefits from monies traced back to Federal spending.

3. As such the Defendants are State and Federal government actors.

4. Defendants singled out and targeted the Plaintiff for being an African-American, woman, and veteran.

5. The Defendants used threats, harassment, and vested governmental powers to treat Plaintiff differently from other employees based on her race, color and religion.

6. Ms. Simmons was denied practices of reassignment offered to other employees who where similarly situated to her.

7. Ms. Surman displayed favoritism towards other Spanish decent employees by re-assigning the, to different position within the department instead of terminating their employment.

8. Defendant withholds and/or delays providing Ms. Simmons with information needed to complete reports required by department.

**WHEREFORE**, Plaintiff demands judgment against Defendants, HOMESTEAD POLICE DEPARTMENT; Chief of Police ALEXANDER ROLLE; and Captain EDILIA SURMAN; in the form of permanent injunctive relief to prevent any further irreparable harm together with money damages assigned individually, jointly, severally, or in the alternative damages, treble damages, together with lawful interest, plus Plaintiffs' reasonable attorney's fees and litigation expenses as

allowed by law, and for all other just and proper relief the court deems appropriate.

## JURY DEMAND

Pursuant to the Federal Rules of Civil Procedure Rule 38, Plaintiff demands a trial by jury on all triable issues raised in the various Counts of the Complaint.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Te D. Smith, Esq., as trial counsel in this matter.

DATE: October 24, 2019

JOHNSON & ASSOICATES, PC<br>
Attorney for Plaintiff<br>
<br>
/s/Te D. Smith___<br>
Te D. Smith, Esq.